

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 16, 2022

**BY ECF**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

     **Re:**    *United States v. Dyquan Christopher*, **22 Cr. 55 (AKH)**

Dear Judge Hellerstein:

     On October 6, 2022, a change of plea hearing was conducted in this case before Magistrate Judge Wang pursuant to the Court's referral.  I have attached to this letter the transcript of the change of plea proceeding, the referenced plea agreement, and a proposed order accepting the defendant's guilty plea.  The Government respectfully requests that the Court accept the defendant's plea of guilty, enter the attached order, and schedule sentencing in this matter.

     Respectfully submitted,

     DAMIAN WILLIAMS
     United States Attorney


     by: /s/_____
        Ryan Finkel
        Assistant United States Attorney
        (212) 637-6612

Attachments

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DYQUAN CHRISTOPHER,<br><br>Defendant. | **ORDER**<br><br>**22 Cr. 55 (AKH)** |

WHEREAS, with defendant DYQUAN CHRISTOPHER's consent, his guilty plea allocution was made before a United States Magistrate Judge on October 6, 2022;

WHEREAS, a transcript of the allocution was made and thereafter was transmitted to the District Court; and

WHEREAS, upon review of that transcript, this Court has determined that the defendant entered the guilty plea knowingly and voluntarily and that there was a factual basis for the guilty plea;

IT IS HEREBY ORDERED that the defendant's guilty plea is accepted.

Dated:      New York, New York

_____, 2022


_____
HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF NEW YORK

In re:                            :
                                        Docket #22cr055
UNITED STATES OF AMERICA,         :

                    Plaintiff,    :

  - against -                     :

DYQUAN CHRISTOPHER,               : New York, New York
                                    October 6, 2022
                    Defendant.    :

----------------------------------- :


                    PROCEEDINGS BEFORE
            THE HONORABLE GABRIEL W. GORENSTEIN,
               UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

For Plaintiff:          UNITED STATES ATTORNEY'S OFFICE
                        BY:  RYAN FINKEL, ESQ.
                        One St. Andrew's Plaza
                        New York, New York 10007


For Defendant:          LGR LAW, LLC
                        BY:  LORRAINE GAULI-RUFO, ESQ.
                        6 Pompton Avenue, Suite 25
                        Cedar Grove, New Jersey 07009
```

Transcription Service:  Carole Ludwig, *Transcription Services*
                        155 East Fourth Street #3C
                        New York, New York 10009
                        Phone:  (212) 420-0771
                        Email:   Transcription420@aol.com


Proceedings recorded by electronic sound recording;
Transcript produced by transcription service

## INDEX

### E X A M I N A T I O N S

| Witness | Direct | Cross | Re-Direct | Re-Cross |
|---------|--------|-------|-----------|----------|
| None | | | | |

### E X H I B I T S

| Exhibit Number | Description | ID | In | Voir Dire |
|----------------|-------------|----|----|-----------| 
| None | | | | |

```
 1                        PROCEEDINGS                    3
 2            THE CLERK:  Good morning, this is in the matter
 3   of Dyquan Christopher, case number 22cr55.  Starting
 4   with the Government, please state your appearance for
 5   the record.
 6            MR. RYAN FINKEL:  Good morning, Your Honor,
 7   Ryan Finkel for the Government.
 8            MS. LORRAINE GAULI-RUFO:  Good morning, Your
 9   Honor, Lorraine Gauli-Rufo on behalf of Dyquan
10   Christopher who is seated next to me at counsel table,
11   Your Honor.
12            THE COURT:   I have before me, Mr. Christopher,
13   a form, it's a consent to proceed before a United States
14   Magistrate Judge on the felony plea allocution.  What
15   this form says is that you understand you have the right
16   to have this plea taken by a United States District
17   Judge and you agree to have it taken by a United States
18   Magistrate Judge.  Is that correct?
19            MR. DYQUAN CHRISTOPHER:  Well --
20            THE COURT:  Yes, or no?
21            MR. CHRISTOPHER:  I say yes.
22            THE COURT:  Okay.  All right, I'm going to ask
23   the clerk to swear in the defendant.
24            THE CLERK:  Can you raise your right hand?
25                    THE DEFENDANT IS SWORN
```

```
 1                         PROCEEDINGS              4

 2            THE COURT:  Sir, do you understand that any

 3   statements you make here could be used against you in a

 4   prosecution for perjury or making false statements?

 5            THE DEFENDANT:  Yes.

 6            THE COURT:  All right, before we begin, I'm

 7   going to direct the prosecution to comply with its

 8   obligation under Brady v. Maryland and its progeny to

 9   disclose to the defense all information whether

10   admissible or not that is favorable to the defendant,

11   material either to guilt or to punishment, and known to

12   the prosecution.  Possible consequences for non-

13   compliance may include dismissal of individual charges

14   for the entire case, exclusion of evidence and

15   professional, or court sanctions on the attorneys

16   responsible.

17            I'll be entering a written order more fully

18   describing the obligation and the possible consequences

19   of failing to meet it, and I direct the prosecution to

20   review and to comply with that order.  Does the

21   prosecution confirm that and understands its obligations

22   and will fulfill them?

23            MR. FINKEL:  Yes, Your Honor, the Government

24   understands its obligations, will and has fulfilled them

25   in this case.
```

```
 1                          PROCEEDINGS                    5
 2            THE COURT:   Okay.  Sir, tell me your full
 3   name.
 4            THE DEFENDANT:   Dyquan Christopher.
 5            THE COURT:   What's your age?
 6            THE DEFENDANT:   Twenty-eight.
 7            THE COURT:   Are you a citizen of the United
 8   States?
 9            THE DEFENDANT:   Yes.
10            THE COURT:   Are you able to read and write in
11   English?
12            THE DEFENDANT:   Yes.
13            THE COURT:   What is the extent of your formal
14   education?
15            THE DEFENDANT:   I graduated high school.
16            THE COURT:   All right, are you now or have you
17   recently been under the continuing care of psychiatrist
18   or doctor for any reason?
19            THE DEFENDANT:   No.
20            THE COURT:   Have you ever been hospitalized in
21   the past for narcotics addiction?
22            THE DEFENDANT:   No.
23            THE COURT:   For alcoholism?
24            THE DEFENDANT:   No.
25            THE COURT:   For mental illness?
```

```
 1                          PROCEEDINGS              6

 2            THE DEFENDANT:  No.

 3            THE COURT:  As you sit here today, are you

 4   under the influence of any drug or alcoholic drink?

 5            THE DEFENDANT:  No.

 6            THE COURT:  Have you been able to understand

 7   everything that's been said to you?

 8            THE DEFENDANT:  Yes.

 9            THE COURT:  Have you seen a copy of the

10   indictment in this case?

11            THE DEFENDANT:  Yes.

12            THE COURT:  Have you read it?

13            THE DEFENDANT:  Yes.

14            THE COURT:  Do you understand what it says you

15   did?

16            THE DEFENDANT:  Yes.

17            THE COURT:  Have you had a chance to discuss

18   the charge and how you wish to plead with your attorney?

19            THE DEFENDANT:  Yes.

20            THE COURT:  Are you satisfied with your

21   attorney's representation of you?

22            THE DEFENDANT:  Yes.

23            THE COURT:  Have you had a full opportunity to

24   discuss this case with her?

25            THE DEFENDANT:  Yes.
```

```
 1                        PROCEEDINGS                    7

 2              THE COURT:   Are you ready to enter a plea?

 3              THE DEFENDANT:   Yes.

 4              THE COURT:   All right, count one of this

 5   indictment charges that on December 10 of 2021 that you

 6   possessed a 360 caliber semiautomatic pistol with

 7   ammunition cartridges loaded and that you previously

 8   were convicted of a crime punishable by a term of

 9   imprisonment exceeding more than one year.  Do you

10   understand this charge, sir?

11              THE DEFENDANT:   Yes.

12              THE COURT:   How do you wish to plead, guilty

13   or not guilty?

14              THE DEFENDANT:   Guilty.

15              THE COURT:   All right, sir, with respect to

16   this charge, I want you to understand that it has a

17   maximum term of imprisonment of ten years, also a

18   maximum term of supervised release of three years, a

19   maximum fine of $250,000 or twice what was gained

20   because of the offense or twice what was lost to someone

21   other than you because of the offense, also a $100

22   special assessment and restitution can be ordered.  Do

23   you understand these penalties, sir?

24              THE DEFENDANT:   Yes.

25              THE COURT:   Do you understand that if, as part
```

1                          PROCEEDINGS                    8

2   of your sentence, you were placed on a term of

3   supervised release and you were then to violate any of

4   the conditions of that release, you could face an

5   additional term of imprisonment?

6            THE DEFENDANT:   Yes.

7            THE COURT:   All right, sir, you told me before

8   you're a citizen of the United States.  By law I still

9   must tell you that if, in fact, you are not a U.S.

10  citizen, a guilty plea means that you may be removed

11  from the United States and denied admission to the

12  United States or citizenship in the future.  Do you

13  understand this?

14           THE DEFENDANT:   Yes.

15           THE COURT:   Do you understand you have a right

16  to plead not guilty to this charge and the right to a

17  jury trial if you wish?

18           THE DEFENDANT:   Yes.

19           THE COURT:   Do you understand that if you pled

20  not guilty and went to trial, you would be presumed

21  innocent and the burden would be on the Government to

22  prove your guilty beyond a reasonable doubt?

23           THE DEFENDANT:   Yes.

24           THE COURT:   All right, sir, I want you to

25  understand there are a number of other rights that you

1                              PROCEEDINGS                    9

2  would have if you pled not guilty and went to trial.  If

3  you went to trial, you would be entitled to be

4  represented by an attorney at all stages of the case,

5  and if you could not afford to hire an attorney, the

6  Court would provide one to you for free.  At a trial you

7  would be entitled to confront and cross-examine any

8  witnesses called by the Government to testify against

9  you.  You would be entitled to testify on your own

10 behalf.  You could call witnesses and present evidence,

11 and the Court would compel the attendance of witnesses

12 you wish to call at trial.  Also, at a trial you would

13 not be required to testify against yourself.  Sir, do

14 you understand all the rights I have just mentioned?

15            THE DEFENDANT:   Yes.

16            THE COURT:   Do you understand that you give

17 them all up if you plead guilty?

18            THE DEFENDANT:   Yes.

19            THE COURT:   Sir, do you understand that if you

20 enter a guilty plea, you're not going to be able to

21 withdraw this plea and there will be no trial, and the

22 only remaining step in this case will be the sentencing?

23            THE DEFENDANT:   Yes.

24            THE COURT:   Do you understand that even if

25 you're surprised or disappointed by your sentence, you

```
 1                          PROCEEDINGS                  10
 2   will still be bound by your guilty plea?
 3              THE DEFENDANT:   Yes.
 4              THE COURT:   All right, sir, I have a
 5   (indiscernible) letter dated July 15 from the Government
 6   to your attorney that contains a plea agreement.  Are
 7   you familiar with this letter, sir?
 8              THE DEFENDANT:   Yeah, I'm familiar with it.
 9              THE COURT:   Did you sign it today on the last
10   page?
11              THE DEFENDANT:   Yes.
12              THE COURT:   Have you read this letter?
13              THE DEFENDANT:   Yes, I already have.
14              THE COURT:   Before you signed it, did you
15   discuss it with your attorney?
16              THE DEFENDANT:   Yes.
17              THE COURT:   Did she explain to you all of its
18   terms and conditions?
19              THE DEFENDANT:   Yes.
20              THE COURT:   Apart from what is contained in
21   this letter, has anyone made any promises to you in
22   order to get you to plead guilty?
23              THE DEFENDANT:   No.
24              THE COURT:   All right, sir, in reviewing this
25   agreement, I see it contains an analysis of how part of
```

```
 1                        PROCEEDINGS              11
 2  our law of sentencing called the Sentencing Guidelines
 3  would affect any prison term in your case and states a
 4  conclusion that the guideline sentencing range could be
 5  expected to be between 30 and 37 months in prison.  Do
 6  you understand this?
 7            THE DEFENDANT:   Yes.
 8            THE COURT:   Do you understand that the judge
 9  who sentences you is not bound by the calculation in
10  this letter and he will be free to do his own
11  calculation which could result in a different guideline
12  range?
13            THE DEFENDANT:   Yes.
14            THE COURT:   Do you understand that no matter
15  what range he believes is called for by the guidelines,
16  that range is just one of many factors that the judge
17  will consider in determining your sentence and the judge
18  has discretion to give you a sentence below or above the
19  range, anywhere up to the maximum sentence of ten years?
20            THE DEFENDANT:   Yes.
21            THE COURT:   Do you understand that under the
22  terms of this agreement, if you get a prison sentence of
23  37 months or less, you are giving up your right to
24  appeal that sentence or to challenge it in any other way
25  such as through a writ of habeas corpus?
```

```
 1                        PROCEEDINGS                 12

 2              THE DEFENDANT:  Can you say it one more time?

 3              THE COURT:  Let me repeat it, sir.  If you get

 4   a sentence of 37 months or less, under this agreement

 5   you give up your right to appeal that sentence or to

 6   challenge it in any other way such as through a writ of

 7   habeas corpus.  Do you understand that?

 8              THE DEFENDANT:  Yes.

 9              THE COURT:  All right, sir, do you understand

10   that under this plea agreement you cannot appeal any

11   fine of $250,000 or less and you cannot appeal any

12   sentence of supervised release that is lawful or you

13   can't appeal any special assessment, do you understand

14   that?

15              THE DEFENDANT:  Yes.

16              THE COURT:  All right, sir, knowing all this,

17   do you still wish to plead guilty to count one of the

18   indictment?

19              THE DEFENDANT:  Yes.

20              THE COURT:  Have any force or threats been

21   used, either direct or indirect, to influence how you

22   plead today?

23              THE DEFENDANT:  No.

24              THE COURT:  Is your plea voluntary that is

25   made of your own free will?
```

```
 1                        PROCEEDINGS              13

 2              THE DEFENDANT:   Yes.

 3              THE COURT:   Did you, in fact, commit the

 4   offense that's charged in count one of the indictment?

 5              THE DEFENDANT:   Yes.

 6              THE COURT:   Before I ask you to tell me what

 7   you did, I'm going to ask the Government to summarize

 8   the elements of the offense and if they wish to tell me

 9   any evidence that they would have offered at trial.

10              MR. FINKEL:   Your Honor, if this case were to

11   proceed to trial, the Government would be required to

12   prove the following elements beyond a reasonable doubt.

13   First, that the defendant knowingly possessed a firearm

14   as charged in the indictment.   Second, at the time the

15   defendant possessed the firearm, the defendant had

16   previously been convicted of a crime punishable by

17   imprisonment for a term exceeding one year.   Third, the

18   defendant knew that he was a felon at the time he

19   possessed the firearm.   And, fourth, the firearm was in

20   or affecting commerce or shipped in interstate commerce

21   at some time prior to the date of the offense.

22              If this case were to proceed to trial, the

23   Government would offer at trial, among other things,

24   body-worn camera footage from the arresting officers,

25   testimony of the officers who retrieved a loaded firearm
```

1                          PROCEEDINGS              14

2    from the defendant's pocket, and testimony of an ATM

3    agent who had established that the firearm was

4    transported in interstate commerce.

5              I also should mention that the Government would

6    be required to prove venue by a preponderance of the

7    evidence, and testimony would establish that the

8    defendant possessed the firearm in the Bronx.

9              THE COURT:  All right, sir, could you tell me

10   what it is you did that makes you guilty of this charge?

11             THE DEFENDANT:  On December 10, 2021 I

12   possessed a firearm in the Bronx, New York.  I knew at

13   the time it was illegal to possess a firearm because I

14   already had a felony conviction.

15             THE COURT:  What kind of firearm was it, sir?

16             THE DEFENDANT:  It was 380 caliber.

17             THE COURT:  Sir, you were reading from a

18   statement, is that right, just now?

19             THE DEFENDANT:  You're saying is that from a

20   statement I just read?

21             THE COURT:  No, were you just reading from

22   something?

23             THE DEFENDANT:  Yeah.  That's what me and my

24   lawyer went over.

25             THE COURT:  That's fine.  Does everything you

```
 1                        PROCEEDINGS                15
 2   said in that statement true?
 3             THE DEFENDANT:   Yes.
 4             THE COURT:   Anything else the Government wants
 5   me to ask?
 6             MR. FINKEL:   No, Your Honor, thank you.
 7             THE COURT:   And defense counsel?
 8             MS. GAULI-RUFO:   No, Your Honor.
 9             THE COURT:   On the basis of the defendant's
10   responses to my questions and my observation of his
11   demeanor, I find he is fully competent to enter an
12   informed plea at this time.  I also conclude that he
13   understands the nature of the charge and the
14   consequences of the plea.  Finally, I am satisfied the
15   plea is voluntary and that there's a factual basis for
16   it.  Accordingly, I recommend that the proffered plea to
17   count one of the indictment be accepted.  A pre-sentence
18   investment report – is there a sentencing date?
19             MR. FINKEL:   There is not, Your Honor.  We ask
20   you set a control date in 60 days.
21             THE COURT:   They usually want 90 days, don't
22   they?
23             MR. FINKEL:   That's fine from the Government's
24   perspective.
25             MS. GAULI-RUFO:   Yes, Your Honor.
```

```
 1                        PROCEEDINGS              16
 2           THE COURT:   January 5.  Prosecution case
 3  summary is due within 14 days.  Anything else from the
 4  Government?
 5           MR. FINKEL:   No, Your Honor, thank you.
 6           THE COURT:   From defense counsel?
 7           MS. GAULI-RUFO:   No, Your Honor, thank you.
 8           THE COURT:   All right, thank you, everyone.
 9           (Whereupon, the matter is adjourned.)
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

17

C E R T I F I C A T E

        I, Carole Ludwig, certify that the foregoing

transcript of proceedings in the case of USA v.

Christopher, Docket #22cr55, was prepared using digital

transcription software and is a true and accurate record

of the proceedings.




Signature_____*Carole Ludwig*_____

                    Carole Ludwig

Date:     October 7, 2022



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 15, 2022

**By Email**
Lorraine Gauli-Rufo
48 Wall Street, 5th Fl.
NY, NY 10005
lorraine@lgrlawgroup.com

Re: *United States v. Dyquan Christopher*, 22 Cr. 55 (AKH)

Dear Ms. Gauli-Rufo:

On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Dyquan Christopher ("the defendant") to Count One of the above-referenced Indictment. Count One charges the defendant with possession of a firearm by a felon, in violation of Title 18, United States Code, Section 922, and carries a maximum term of imprisonment of 10 years; a maximum term of supervised release of three years; a maximum fine, pursuant to Title 18, United States Code, Section 3571 of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a $100 mandatory special assessment. In addition to the foregoing, the Court must order restitution as specified below.

In consideration of the defendant's plea to the above offense, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations, if any, as to which this Office cannot, and does not, make any agreement) for possessing a firearm, on or about December 10, 2021, that had been shipped in interstate commerce while knowing that he had previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, as charged in Count One of the Indictment, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq.* In addition, at the time of sentencing, the Government will move to dismiss any open Count(s) against the defendant. The defendant agrees that with respect to any and all dismissed charges he is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Section 6B1.4, the parties hereby stipulate to the following:

2022.05.04

**A. Offense Level**

1.   The November 1, 2021 Guidelines Manual applies in this case.

2.   The guideline for a violation of 18 U.S.C. § 922(g)(1) is USSG §2K2.1.

3.   Pursuant to USSG 2K2.1(a)(4)(A), because the defendant committed part of the instant offense subsequent to sustaining one felony conviction for either a crime of violence or controlled substance offense, the base offense level is 20.

4.   Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 17.

**B. Criminal History Category**

Based upon the information now available to this Office (including representations by the defense), the defendant has five criminal history points calculated as follows:

1.   On or about March 3, 2017, the defendant was convicted of criminal possession of a loaded weapon in the second degree, in violation of New York Penal Law Section 265.03, for which he was sentenced to one year imprisonment.  Pursuant to Section 4A1.1(b) of the Guidelines, two criminal history points are added for this sentence.

2.   On or about September 3, 2021, the defendant was convicted, in the United States District Court of the Southern District of New York, of narcotics conspiracy in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B), for which the defendant was sentenced on to 60 months' imprisonment and 4 years' supervised release.  Pursuant to Section 4A1.1(a) of the Guidelines, three criminal history points are added for this sentence.

In accordance with the above, the defendant's Criminal History Category is III.

**C. Sentencing Range**

Based upon the calculations set forth above, the defendant's stipulated Guidelines range is 30 to 37 months' imprisonment (the "Stipulated Guidelines Range").   In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2.  At Guidelines level 17, the applicable fine range is $10,000 to $250,000.

The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); (iii) to seek an appropriately adjusted Guidelines range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above; and (iv) to seek an appropriately adjusted Guidelines range or mandatory minimum term of imprisonment if it is subsequently determined that the defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the stipulated Guidelines range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that his entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw his plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241, of any sentence within or below the Stipulated Guidelines Range of 30 to 37 months' imprisonment and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. This provision is binding on the parties even if the Court

employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal or bring a collateral challenge of any term of supervised release that is less than or equal to the statutory maximum. The defendant also agrees not to appeal or bring a collateral challenge of any fine that is less than or equal to $250,000 and the Government agrees not to appeal any fine that is greater than or equal to $10,000. The defendant also agrees not to appeal or bring a collateral challenge of any special assessment that is less than or equal to $100. Notwithstanding the foregoing, nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. Rather, it is expressly agreed that the defendant reserves those rights.

The defendant hereby acknowledges that he has accepted this Agreement and decided to plead guilty because he is in fact guilty.

By entering this plea of guilty, the defendant waives any and all right to withdraw his plea or to attack his conviction or sentence, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, *Jencks* Act material, material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, or impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

The defendant recognizes that, if he is not a citizen of the United States, his guilty plea and conviction make it very likely that his removal from the United States is presumptively mandatory and that, at a minimum, he is at risk of being removed or suffering other adverse immigration consequences. If the defendant is a naturalized citizen of the United States, he recognizes that pleading guilty may have consequences with respect to the defendant's immigration status. Under federal law, an individual may be subject to denaturalization and removal if his naturalization was procured by concealment of a material fact or by willful misrepresentation, or otherwise illegally procured. The defendant acknowledges that he has discussed the possible immigration consequences (including removal or denaturalization) of his guilty plea and conviction with defense counsel. The defendant affirms that he wants to plead guilty regardless of any immigration or denaturalization consequences that may result from the guilty plea and conviction, even if those consequences include denaturalization and/or removal from the United States. The defendant understands that denaturalization and other immigration consequences are typically the subject of a separate proceeding, and the defendant understands that no one, including his attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration or naturalization status. It is agreed that the defendant will have no right to withdraw his guilty plea based on any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge his conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual

or perceived adverse immigration consequences (including removal or denaturalization) resulting from his guilty plea and conviction.

It is further agreed that should the conviction(s) following the defendant's plea(s) of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

[continued on the next page]

2022.05.23

Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant.  No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

By:     /s/ Mollie Bracewell
_____
Ryan Finkel / Mollie Bracewell
Assistant United States Attorneys
(212) 637-6612 / 2218

APPROVED:

/s/ Negar Tekeei
_____
Michael Longyear / Negar Tekeei
Co-Chiefs, Narcotics Unit

AGREED AND CONSENTED TO:

S/ Dyquan Christopher
_____        _____
Dyquan Christopher                                              07/29/2022
                                                                              DATE

APPROVED:

Lorraine Gauli-Rufo
_____        _____
Lorraine Gauli-Rufo, Esq.                                  07/29/2022
Attorney for Dyquan Christopher                        DATE

2022.05.23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

DYQUAN CHRISTOPHER,

Defendant.

**ORDER**

**22 Cr. 55 (AKH)**

WHEREAS, with defendant DYQUAN CHRISTOPHER's consent, his guilty plea

allocution was made before a United States Magistrate Judge on October 6, 2022;

WHEREAS, a transcript of the allocution was made and thereafter was transmitted

to the District Court; and

WHEREAS, upon review of that transcript, this Court has determined that the

defendant entered the guilty plea knowingly and voluntarily and that there was a factual basis for

the guilty plea;

IT IS HEREBY ORDERED that the defendant's guilty plea is accepted.

Dated:        New York, New York

2/1/2023

HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK